UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRI TROYER, ET AL.                CIVIL ACTION

VERSUS                              NO: 06-7821

ALLCAT CLAIMS, LLC, ET AL.          SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court is Defendant USAA General Indemnity Company's ("USAA") Motion to Quash Jury Demand (Rec. Doc. 47). For the reasons stated below, Defendant's Motion should be **GRANTED.**

**BACKGROUND**

This lawsuit arises out of damages caused by flood waters that inundated the city of New Orleans following Hurricane Katrina.  USAA is a "Write Your Own" flood insurance provider appearing in this suit as a "fiscal agent of the United States."

Defendant USAA filed this motion to quash the jury demand on September 17, 2007.  The motion is unopposed.

**DISCUSSION**

The Seventh Amendment to the United States Constitution preserves the right to a jury trial for civil suits at law where

the amount in controversy exceeds twenty dollars.  U.S. CONST. amend. VII.  However, it is well settled law, that the right to a jury trial does not apply in actions to recover funds from the United States Treasury.  *Lehman v. Nakshiam*, 453 U.S. 156, 180 (1981).

A suit against a WYO flood insurance provider is the functional equivalent of a suit against FEMA, and flood insurance claims are ultimately paid by FEMA out of the United States treasury.  *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161 (3d Cir. 1998).  Additionally, WYO insurers are defined by statute as fiscal agents of the United States.  42 U.S.C. § 4071(a)(1).  Courts in this district and elsewhere have concluded that "when a claimant brings an action under 42 U.S.C. § 4072 against . . . a WYO for coverage on the policy or disputes regarding terms of the policy a right to a jury trial is denied." *Schrempp v. Liberty Mut. Fire Ins. Co.*, Nos. 06-9240, 06-10521, 2007 WL 2174629, at *1 (E.D. La. July 25, 2007)(Berrigan, C.J.); *Latz v. Gallagher*, 550 F. Supp. 257 (W.D. Mich. 1982); *Kolner v. Director, FEMA*, 547 F. Supp. 828, 830 (N.D. Ill. 1982).

Therefore Plaintiffs do not have a right to a trial by jury on their flood claims.  However, plaintiffs do retain the right

to a jury for other matters not related to flood claims.[1]

Accordingly,

**IT IS ORDERED** that Defendant USAA's Motion to Quash Jury Demand is **GRANTED**.  Trial will commence with a jury on the date to be set at the October 2, 2007 preliminary conference.  The jury will only consider matters related to non flood insurance claims.

New Orleans, Louisiana this the 28th day of September, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs have asserted claims for common law negligent misrepresentation and common law fraud.