UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRI TROYER, ET AL.                    CIVIL ACTION

VERSUS                                  NO: 06-7821

ALLCAT CLAIMS, LLC, ET AL.              SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court is Defendant USAA General Indemnity Company's ("USAA") Motion for Judgment on the Pleadings (Rec. Doc. 54).  For the reasons stated below, Defendant's Motion should be **GRANTED.**

**BACKGROUND**

Plaintiffs filed suit against Defendants, flood insurer, USAA General Indemnity Company ("USAA") and insurance adjuster Allcat Claims, asserting negligent misrepresentation, breach of contract, common-law fraud, and conspiracy to commit fraud.  This Court dismissed the claims against Allcat, holding that no federal cause of action exists against an insurance adjuster for claims the adjuster made to the insured.  This Court held that the National Flood Insurance Act does not provide for a private right of action for common law fraud, and this Court noted that

no other court had found that there exists a right to sue an insurance adjuster for fraud.  *See Troyer v. USAA Gen. Indem. Co.*, No. 06-7821 (E.D. La. June 18, 2007)(Barbier, J.).

Defendants have now filed a motion for judgment on the pleadings to dismiss the extra contractual claims against it. The motion is opposed.

### LEGAL STANDARD

The standard for dismissal for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pled allegations and resolve all doubts in favor of the plaintiff.  *Tanglewood E. Homeowners v. Charles-Thomas Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).)  *Id.* at 1965.

2

**DISCUSSION**

USAA contends that *Wright v. Allstate*, 500 F.3d 390 (5th Cir. 2007) effectively forecloses any extra-contractual claims that may arise out of a flood insurance policy.  In *Wright*, the Fifth Circuit held that all disputes that arise from the handling of any claim under a flood insurance policy are governed by flood insurance regulations issued by FEMA.  Additionally, the Fifth Circuit held that neither the NFIA nor the flood insurance regulations issued by FEMA allow a policy holder to bring extra-contractual claims against the insurer.  It is worth noting that the plaintiff in *Wright* sought to bring a federal common law fraud against Allstate, the same claim that plaintiffs here attempt to bring.[1]

Plaintiffs in this case admit that *Wright* appears to foreclose their cause of action.  However, Plaintiffs claim that the Fifth Circuit based its ruling in *Wright* on the National Flood Insurance Act ("NFIA") statute itself and the regulations promulgated under the authority of that statute.  Plaintiffs contend that the act unconstitutionally delegates legislative authority to the Federal Emergency Management Agency ("FEMA" or

---

[1]Suits filed under the NFIA are filed against insurance companies who are the fiscal agents of the United States.  The NFIA waives the federal government's sovereign immunity, and therefore its provisions must be strictly construed.  *Lehman v. Nakshian*, 435 U.S. 156 (1981).

"agency").

The United States Constitution provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives." U.S. CONST. art. I, § 1. The United States Supreme Court has held that the Constitution does not permit Congress to delegate those powers to another body. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 472 (2001). However, as long as Congress "lay[s] down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform," the action will not be considered to be an unlawful delegation of legislative power. *Id.* (*quoting J.W. Hampton, Jr. & Co. v. United States*, 276 U.S. 394, 409 (1928)).

While the non-delegation doctrine is certainly a principle often reiterated by the Supreme Court, the Court is quick to note that it has found the "requisite 'intelligible principle' [to be] lacking in only two statutes. *Id.* at 474; *see also United States v. Martinez-Flores*, 428 F.3d 22, 27 (1st Cir. 2005)("[T]he nondelegation principle is extraordinarily difficult to violate."). The *Martinez-Flores* court noted that the Supreme Court has only found a statute lacks the requisite intelligible principle twice, both times in 1935. *Martinez-Flores*, 428 F.3d at 27. Professor Sunstein has noted that the non delegation

4

doctrine has "had one good year and 211 bad ones (and counting)." Cass R. Sunstein, *Nondelgation Canons*, 67 U. CHI. L. REV. 315, 322 (2000).

The Supreme Court invalidated statutes in *Panama Refining Co. v. Ryan*, 293 U.S. 388 (1935) and *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935).  In *Panama Refining*, the Court invalidated a statute regarding the transportation of oil because the statute "provided literally no guidance for the exercise of discretion."  *American Truckers*, 531 U.S. at 474 (*citing Panama Refining*, 293 U.S. at 248.).  In *A.L.A. Schectter*, the Court invalidated a statute that directed an agency to regulate the entire economy on the basis of "fair competition." *A.L.A. Schecter*, 295 U.S. at 532.  The Supreme Court notes that "the degree of agency discretion that is acceptable varies according to the scope of the power congressionally conferred." *American Truckers*, 531 U.S. at 475.  Thus, in *Loving v. United States*, 517 U.S. 748, 772-73 (1996), the Supreme Court held that a delegation of power relating to the military falls within the traditional authority of the President, and therefore cannot be a violation of the nondelegation clause.

Plaintiff complains of two specific statutes which she says indicates that Congress has impermissibly delegated its authority to FEMA.  The first is 42 U.S.C. § 4019.  That statute provides

5

"The Director [of FEMA] is authorized to prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance made available under the provisions of this chapter." *Id.* Further, section 4128 provides that "the Director is authorized to issue such regulations as may be necessary to carry out the purpose of this Act." *Id.* § 4128.

The sections in question do not fall outside the scope of the intelligible principle doctrine. The Director is specifically directed to promulgate regulations relating to the adjustment of claims, and to carry out the purpose of the Act. Such a limit falls well within the bounds of the intelligible principle doctrine. *See American Truckers*, 531 U.S. at 473 (finding an intelligible principle in a statute authorizing regulation "to protect public health"); *Indus. Union Dep't, AFL-CIO v. Am. Petroleum Inst.*, 448 U.S. 607 (1980)(finding an intelligible principle in statutes authorizing regulation to "adequately assure . . . that no employee will suffer any impairment of health"); *Nat'l Broadcasting Co. v. United States*, 319 U.S. 190 (1943) (finding an intelligible principle in statutes authorizing regulation in the "public interest"). The Supreme Court has held that a certain degree of discretion

6

inheres in most executive or judicial action.  *See Mistretta v. United States*, 488 U.S. 361, 417 (1989).  As such, the Supreme Court does not invalidate statutes that fail to tell an agency "how" to determine standards before it.  In *Touby v. United States*, 500 U.S. 160, 165 (1991), the Supreme Court held that Congress is not required to decree how "imminent" was too imminent or how "hazardous" was too hazardous.

Accordingly, while the plaintiffs may be correct that some degree of discretion exists on the part of the agency in promulgating rules and regulations, such discretion does not invalidate the statute.  Further, the agency is merely directed to regulate the adjustment of claims available under the Act. Congress is not required to tell the agency how to adjust the claims.

Plaintiff notes that the Director is given limitless power to "limit damages arising during the handling of a flood claim that is **not covered by flood insurance.**"  The Plaintiff notes that this power is what limits the application of the Federal Tort Claims Act.  Even assuming that Plaintiff is correct, and that the Director has somehow been given power to limit damages arising from flood claims not covered by flood insurance,[2] it is

---

[2]Or, as seems more likely, that the plaintiff is trying to say that the director is given limitless power to limit damages arising during the handling of a flood claim that is covered by

not clear why the Federal Tort Claims Act ("FTCA") does not apply to federal agents operating the flood insurance program. Plaintiff cites to *Latz v. Gallagher*, 562 F. Supp. 690 (W.D. Mich. 1983) for the proposition that the "Director has removed the Federal Tort Claims Act from one of the laws which could apply to 'all disputes arising from the handling of any claim under the policy.'"  In *Latz*, the court considered whether it had subject matter jurisdiction over the insured's federal tort claims arising out of the flood policy.  The Court determined that the Federal Tort Claims Act cannot apply because the plaintiff had not filed the proper notice with the federal agency.  The court determined that a filing of a flood claim is not sufficient notice of a tort claim against the agency. Therefore, the court concluded the FTCA was inapplicable to that case.  Regardless, plaintiff is not asserting a tort claim in this action, but rather a common-law fraud claim.  Therefore, Plaintiff's arguments regarding the FTCA are inapposite the instant case.

Accordingly, because the Plaintiff, recognizes that her fraud claims are foreclosed by *Wright*, and because the NFIA is not unconstitutional for a violation of the non delegation clause,

---

flood insurance.

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Rec. Doc. 58) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's fraud claims against USAA General Indemnity Company are hereby **DISMISSED**.

New Orleans, Louisiana this the 5th day of November, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE